UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-22556-CIV-MARTINEZ/AOR

NATASHA ALVAREZ *et al.*,

    Plaintiffs,

v.

SCHOOL BOARD OF MIAMI-DADE COUNTY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the following submissions:

1. Defendant School Board of Miami-Dade County's ("Defendant" or "School Board") Verified Motion for Attorney's Fees (hereafter, "Motion for Fees") [D.E. 229].

2. Plaintiffs' Motion to Stay Ruling on Defendant's Motion for Fees (hereafter, "Motion to Stay") [D.E. 232].

These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 235]. For the reasons stated below, the undersigned respectfully recommends that the Motion to Stay be DENIED and that the Motion for Fees be GRANTED.

## PROCEDURAL AND FACTUAL BACKGROUND

On July 10, 2017, Plaintiffs Natasha Alvarez, Brent Boardman, Todd Bogart, Trevor Colestock, Joel Delgado, Paula Gamble, Lourdes Garcia, Heather Hodson, Michelle Jimenez, Kenya Jones Roberts, Arthur S. Kianoff, Marlen V. Lanza, Rick Lapworth, Dr. Sheila Martinez, Tomas Pendola, Marice Antoinette Powell, Edda Rivera, Alma Rodriguez, Matthew Romano, Gina Sese, Alma Trinidad, Christina Walker, and Brian J. Wheeler (collectively, "Named

Plaintiffs")[1] commenced this putative class action against Defendant, on behalf of themselves and instructional personnel of Miami-Dade County Public Schools ("MDCPS"), based on the School Board's alleged violations of Fla. Stat. § 1012.22 (hereafter, "Section 1012.22").[2]  See Compl. [D.E. 1].  Based on those alleged violations, Plaintiffs asserted federal substantive and procedural due process claims pursuant to 42 U.S.C. § 1983 (hereafter, "Section 1983") and Florida law claims against the School Board.  Id.

On September 25, 2018, the Court dismissed Named Plaintiffs' Section 1983 claims without prejudice for failure to state a claim upon which relief could be granted pursuant to Fla. R. Civ. P. 12(b)(6) (hereafter, "Rule 12(b)(6)") and declined to exercise supplemental jurisdiction over the Florida law claims.  See Order Granting Defendant's Motion to Dismiss (hereafter, "First Order of Dismissal") [D.E. 84].

On October 9, 2018, Named Plaintiffs filed their First Amended Complaint [D.E. 86], which they amended with leave of court on April 3, 2019 [130].  In granting Named Plaintiffs' request to amend their First Amended Complaint, the Court found it "appropriate to afford [them] one final opportunity to cure the deficiencies in their complaint."  See Order Granting Plaintiffs' Motion to Amend Their First Amended Complaint [D.E. 130].

On April 5, 2019, Named Plaintiffs filed their Second Amended Complaint [D.E. 131]. Therein, Named Plaintiffs again asserted federal substantive and procedural due process claims pursuant to Section 1983 and Florida law claims against the School Board for its alleged violations

---

[1] Named Plaintiff Plaintiffs Diane Augusts, Estela Atalay, Janet Clinton, Margarita Guiteras-Massa, Margaret E. Haun, Craig Kirk, Richard Massa, Nathan Smith, Jose Vega, and Dr. Patrick Williams were dropped from this action on October 9, 2019 [D.E. 86].  Original Plaintiff Nathan Smith was dismissed from this action June 10, 2019.  See Joint Stipulation for Dismissal with Prejudice [D.E. 143].  Dr. Maria Diaz-Viciedo was dismissed from this action on July 31, 2019.  See Named Plaintiff Dr. Maria-Diaz-Viciedo's Notice of Voluntary Dismissal [D.E. 147].

[2] Section 1012.22 governs the compensation and salary schedules of public school personnel and sets forth the powers and duties of county school boards.  Fla. Stat. ¶ 1012.22.

of Fla. Stat § 447.309(3) (hereafter, "Section 447.309(3)") and Section 1012.22.[3] See Sec. Am. Compl. [D.E. 131].

On June 1, 2020, the Court dismissed the Second Amended Complaint pursuant to Rule 12(b)(6) with prejudice; and declined to exercise supplemental jurisdiction over the Florida law claims. See Order Granting Defendant's Motion to Dismiss (hereafter, "Final Order of Dismissal") [D.E. 218].

On June 29, 2020, Named Plaintiffs filed their Notice of Appeal from the Court's Final Dismissal Order (hereafter, "Appeal") [D.E. 221].

On July 29, 2020, the School Board filed the Motion for Fees pursuant to 42 U.S.C. ¶ 1988 (hereafter, "Section 1988") and Fla. Stat. § 448.08 (hereafter, "Section 448.08") requesting an award of $208,952.50 as reasonable attorneys' fees for 1,062.9 hours expended in litigating this action. See Mot. for Fees [D.E. 229 ¶¶ 4, 9]. The School Board filed the following exhibits in support of its fee request:

- Exhibit A - "summary information as to timekeepers, hours, and rates relating to the fees sought herein";
- Exhibit B – invoices detailing the tasks performed by the School Board's timekeepers;
- Exhibit C – "information on the identity, experience, and qualifications of each timekeeper for whom fees are sought, in the form of resumes and biographies";
- Exhibit D – the Declaration Under Penalty of Perjury of David C. Miller; and
- Exhibit E - the Declaration Under Penalty of Perjury of fee expert Glen J. Torcivia, Esq.

Id. ¶ 11; Exs. A–E to the Mot. for Fees (hereafter, "Supporting Documents") [D.E. 229-1–5].

---

[3] Section 447.309(3) governs provisions of collective bargaining agreements. See Fla. Stat. § 447.309(3).

On August 12, 2020, Named Plaintiffs filed their Response in Opposition to the Motion for Fees (hereafter, "Response"), challenging the School Board's entitlement to an award of attorneys' fees under either Section 1988 or Section 448.08. See Response [D.E. 230]. In their Response, Named Plaintiffs did not contest the reasonableness of the School Board's fee request. Id.

On August 27, 2020, Named Plaintiffs filed the Motion to Stay requesting that, pending the outcome of the Appeal, the Court: (1) defer a ruling on the Motion for Fees on the grounds that they have a substantial case on the merits and that the balance of equities favors granting the requested stay; and (2) stay the enforcement of any money judgment entered against them. See Mot. to Stay [D.E. 232 at 1 n.1, 3, 7].

## MOTION TO STAY [D.E. 232]

"A stay is considered an 'extraordinary relief' for which the moving party bears a 'heavy burden.'" Stansell v. Revolutionary Armed Forces of Colombia, No. 19-CV-20896, 2019 WL 5296755, at *3 (S.D. Fla. 2019) (quoting Winston-Salem/Forsyth County Bd. of Education v. Scott, 404 U.S. 1221, 1231 (1971)). "[T]he Court's regular practice is 'not to stay matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh Circuit.'" Tamiami Condo. Warehouse Plaza Ass'n, Inc. v. Markel Am. Ins. Co., No. 19-CV-21289, 2020 WL 6585873, at *2 (S.D. Fla. 2020) (quoting King Cole Condo. Ass'n, Inc. v. QBE Ins. Corp., No. 08-CV-23350, 2010 WL 3212091, at *1 (S.D. Fla. 2010)).

Having considered Named Plaintiffs' arguments in support of the Motion to Stay, the undersigned finds those arguments insufficient to warrant the extraordinary remedy of staying the Motion for Fees pending the outcome of the Appeal. See Tamiami Condo. Warehouse Plaza Ass'n, Inc., 2020 WL 6585873, at *2; Stansell, 2019 WL 5296755, at *3; Miller's Ale House, Inc.

v. Boynton Carolina Ale House, LLC, No. 09-CV-80918, 2011 WL 13108070, at *1 (S.D. Fla. 2011) (requests to stay the disposition of a motion for attorneys' fees are "disfavored and granted only in extraordinary circumstances.") (quoting Galdames v. N & D Inv. Corp., No. 08-CV-20472, 2009 WL 691932, at * 1 (S.D. Fla. 2009)).

Moreover, Named Plaintiffs provide no argument or support for their request that the Court stay enforcement of any money judgment entered against them. See Mot. to Stay [D.E. 232 at 1 n.1]. Therefore, Named Plaintiffs must abide by the provisions of Rule 62 of the Federal Rules of Civil Procedure, namely: "[E]xecution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise"; and "At any time after judgment is entered, a party may obtain a stay by providing a bond or other security." See Fed. R. Civ. P. 62(a)&(b).

In light of the foregoing, the undersigned recommends that the Motion to Stay be DENIED.

## **MOTION FOR FEES [D.E. 229]**

As noted above, the School Board argues that it is entitled to an award of its reasonable fees incurred in this action pursuant to (1) Section 1988 and (2) Section 488.08. See Mot. for Fees [D.E. ¶ 4]. The undersigned finds merit in the School Board's Section 1988 argument but not in its Section 488.08 argument.

  I. **Entitlement to fees under Section 1988.**

Pursuant to Section 1988, "[a] district court may in its discretion award attorneys' fees to a prevailing defendant in an action under 42 U.S.C. § 1983 upon a finding that the plaintiff's lawsuit 'was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" PBT Real Estate, LLC v. Town of Palm Beach, No. 17-CV-81254, 2019 WL 3074057,

5

at *2 (S.D. Fla. 2019) (quoting Hughes v. Rowe, 449 U.S. 5, 14 (1980)). The Supreme Court teaches that:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. . . . Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421–22 (1978)

"In determining whether a suit is frivolous, 'a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" Sullivan v. Sch. Bd. of Pinellas Cty., 773 F.2d 1182, 1189 (11th Cir. 1985) (quoting Jones v. Texas Tech Univ., 656 F.2d 1137, 1145 (5th Cir. 1981)). "Determinations regarding frivolity are to be made on a case-by-case basis." Sullivan, 773 F.2d at 1189. Following are the four factors that "a court should consider: (1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; (3) whether the suit was dismissed before trial; and (4) whether the plaintiff's claim was meritorious enough to receive careful attention and review." AHE Realty Assoc., LLC v. Miami-Dade Cty., Fla., No. 18-CV-20177, 2019 WL 11646329, at *2 (S.D. Fla. 2019). "In determining whether a claim was frivolous, [courts] view the evidence in the light most favorable to the non-prevailing plaintiff." Hamilton v. Sheridan Healthcorp, Inc., 700 F. App'x 883, 885 (11th Cir. 2017) (citing Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1179 (11th Cir. 2005)).

The undersigned considers whether Named Plaintiffs' Section 1983 claims were frivolous by analyzing the four foregoing factors.

1. *Whether Named Plaintiffs established a prima facie case.*

Named Plaintiffs did not establish a *prima facie* case, given that their Section 1983 claims were dismissed for failure to state a claim. See First Order of Dismissal [D.E. 84]; Final Order of Dismissal [D.E. 218]. Accordingly, this factor weighs in favor of a finding of frivolity.

2. *Whether the School Board offered to settle.*

The School Board did offer to settle this case at mediation. See Resp. [D.E. 230 at 1]. However, the parties have not shared the amount of the offer. Without that detail, the undersigned must find that this factor is neutral as to a finding of frivolity. See Quintana v. Jenne, 414 F.3d 1306, 1310 (11th Cir. 2005) ("the amount of the offer is a necessary factor in evaluating whether a settlement offer militates against a determination of frivolity.") (citing Bonner v. Mobile Energy Serv. Co., 246 F.3d 1303, 1305 (11th Cir.2001)).

3. *Whether the suit was dismissed before trial.*

The Court dismissed this action before trial. See Final Order of Dismissal [D.E. 218]. As such, this factor weighs in favor of a finding of frivolity.

4. *Whether Named Plaintiffs' claims were meritorious enough to receive careful attention and review.*

In the First Order of Dismissal and the Final Order of Dismissal, consisting of no more than eleven pages each, the Court conducted a straightforward due process analysis of Named Plaintiffs' Section 1983 claims. See First Order of Dismissal [D.E. 84]; Final Order of Dismissal [D.E. 218]. Indeed, the Court's analysis does not reflect that "it was grappling with a nuanced or novel area of the law or that it was making a close call in dismissing any of [Named Plaintiffs'] claims." Beach Blitz Co. v. City of Miami Beach, Fla., No. 17-CV-23958, 2019 WL 11583322, at *4 (S.D. Fla. 2019). Specifically, the First Order of Dismissal was predicated on Named Plaintiffs' failure to characterize the nature of their due process claims as legislative or executive,

7

a prerequisite for stating such claims.  See First Order of Dismissal [D.E. 84 at 3–10].  With regard to Named Plaintiffs' substantive due process claim, the Court stated:

> Plaintiffs' Complaint is silent as to whether Defendant's alleged actions were legislative or executive in nature—a determinative factor as to whether Plaintiffs have sufficiently alleged federal substantive due process claims at this juncture, absent any allegation that the conduct in question "shocks the conscience."  The Complaint, in the simplest of terms, alleges Defendant's failure to adopt and implement a grandfathered salary schedule in accordance with Florida law violated their federal substantive due process rights.  Plaintiffs fail to allege, with any factual specificity, that Defendant's acts were legislative in nature and why this Court should find said acts should be characterized as legislative.  Moreover, in addition to the Complaint's factual and legal shortcomings, Plaintiffs fail to cite any case that advances the proposition that this Court should allow a federal substantive due process claim to move forward when Defendant, a state actor, allegedly violated the requirements of a state statute.  As dictated in *Collins*, this Court recognizes it must "exercise the utmost care" as Plaintiffs Complaint is asking this Court "to break new ground in this field."  This Court also notes that nowhere in Count I do Plaintiffs plead that Defendant's ads were arbitrary or irrational.  Accordingly, Count I of Plaintiffs' Complaint is dismissed without prejudice with leave to amend.

Id. at 7–8 (footnote and citation omitted).  With regard to Named Plaintiffs' procedural due process claim, the Court stated:

> Plaintiffs, once more, fail to allege whether Defendant's act was legislative or adjudicative in nature.  Plaintiffs also fail to allege, with any factual specificity the manner in which their federal procedural due process rights were violated.  Plaintiffs do not allege that they have exhausted any and all state remedies or whether there is no state remedy whatsoever.  Thus, for the foregoing reasons, Count II of Plaintiffs' Complaint is dismissed without prejudice with leave to amend.

Id. at 9-10 (citation omitted).

In their Second Amended Complaint, Named Plaintiffs alleged that the School Board had acted in its legislative capacity when it "adopted and implemented three successive salary schedules at variance with the grandfathered salary schedule."  See Sec. Am. Compl. [D.E. 131 at 2-8, 13, 27-33, 38-40].  Thus, the Court analyzed Named Plaintiffs' substantive due process property interest argument under the rational basis test.  See Final Order of Dismissal [D.E. 218 at 5–6].  Application of that test encompassed a two-paragraph passage, ending as follows:

> [T]he Court finds that Defendant's implementation of the salary schedules at issue—implemented after a constitutionally prescribed and statutorily required collective bargaining process—bears a rational relationship to a legitimate legislative purpose. One legitimate legislative purpose of Defendant's implementation includes bargaining on behalf of its constituents in pursuit of agreed-upon salary schedules for all 21,000 of Miami-Dade County's full-time teachers.

Id. at 6 (citations omitted).

Named Plaintiffs also included in the Second Amended Complaint a substantive due process claim based on the School Board's alleged violation of Named Plaintiffs' fundamental right to contract. See Sec. Am. Compl. [D.E. 131 at 33–34]. The Court disposed of this argument in short order as it had already found that the implementation of the salary schedules at issue bears a rational relationship to a legitimate legislative purpose and, thus, could not constitute arbitrary and capricious conduct. See Final Order of Dismissal [D.E. 218 at 7] ("Nonetheless, 'to prevail against a governmental entity on a claim of an unconstitutional violation of the freedom to contract protected by the Due Process clause, the plaintiff must demonstrate that the entity acted arbitrarily and capriciously.'") (alteration omitted) (quoting Biasella v. City of Naples, 2005 WL 1925705, at *9 (M.D. Fla. 2005)).

As to their procedural due process claims, Named Plaintiffs alleged that the School Board had acted in its legislative capacity in "deny[ing] the certain Named Plaintiffs and the proposed Class Members of their property — the compensation that they would have received or should receive under a grandfathered salary schedule — without due process of law." See Sec. Am. Compl. [D.E. 131 at 35, 37, 42, 44–45]. The Court easily concluded that Named Plaintiffs' concession that the School Board was acting in its legislative capacity was fatal to their procedural due process claims. See Final Order of Dismissal [D.E. 218 at 9–10] ("When the legislature passes a law which affects a general class of persons, those persons have all received procedural due

process—the legislative process.") (quoting 75 Acres, LLC v. Miami-Dade Cty., Fla., 338 F.3d 1288, 1294 (11th Cir. 2003)).

While the Court fully analyzed Named Plaintiffs' Section 1983 claims, this "is not indicative that [Named Plaintiffs'] claims were not frivolous in the context of awarding fees to the [School Board] under section 1988." Beach Blitz Co., 2019 WL 11583322, at *4; see also Greene Dreams Shoe Care Ctr., Inc. v. Miami-Dade Cty., Fla., No. 13-CV-22231, 2015 WL 519046, at *2 (S.D. Fla. 2015) ("The Court's Order granting Defendants' Motions for Summary Judgment was 10 pages, with close to 4 pages dedicated to discussing why Plaintiff's procedural due process claim failed. Plaintiff's claim did not raise a novel issue and did not require much attention. . . . Therefore, the Court finds that the last factor supports a finding that Plaintiff's claim was frivolous."). Put another way, a finding of non-frivolousness requires much more than what transpired in this case. See Quality of Life, Corp. v. City of Margate, No. 17-CV-61894, 2021 WL 612321, at *3 (S.D. Fla. 2021) ("despite the Court's grant of summary judgment in favor of Defendant, the Court found Plaintiffs' claims sufficiently meritorious and received careful attention and review, as evidenced by the hundreds of pages of briefing by each party, the lengthy oral argument, and the Court's detailed 46-page Order."). Thus, the undersigned finds that this last factor weighs in favor of a finding of frivolity.

In summary, three of the four factors weigh in favor of a finding of frivolity and one is neutral. Therefore, even viewing the circumstances of this action and the evidence in the light most favorable to Named Plaintiffs, the undersigned concludes that this action was frivolous and that the School Board is entitled to an award of its reasonable attorneys' fees pursuant to Section 1988. Christiansburg Garment Co., 434 U.S. at 421–22; Sullivan, 773 F.2d at 1189; AHE Realty Assoc., LLC, 2019 WL 11646329, at *2.

## II. Reasonableness of the School Board's fee request.

The Motion for Fees is comprised of the following items:

| Timekeeper | Hours | Rate ($/hour) | Total ($) |
|---|---|---|---|
| Attorney Miller | 440.90 | 205.00 | 90,384.50 |
| Attorney Crosland | 2.20 | 205.00 | 451.00 |
| Attorney Neiberger | 6.40 | 205.00 | 1,312.00 |
| Attorney Sondhi | 487.30 | 205.00 | 9,9896.50 |
| Attorney Martinez | 17.00 | 205.00 | 3,485.00 |
| Attorney Apa | 27.90 | 205.00 | 5,719.50 |
| Paralegal Tripodi | 1.0 | 85.00 | 85.00 |
|  | 60.80 | 95.00 | 5,776.00 |
| Law Clerk Mohamed | 1.10 | 95.00 | 104.50 |
| Law Clerk Nelson | 18.30 | 95.00 | 1,738.50 |
| **Requested Total** | **1,062.90** |  | **208,952.50** |

See Ex. A to Motion for Fees [D.E. 229-1 at 5].

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). However, the "[C]ourt . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

Having reviewed the Motion for Fees and the Supporting Documents, applying her own experience and knowledge to the matter, and noting Named Plaintiffs' non-objection to the amount

11

of attorneys' fees sought by the School Board, the undersigned concludes that the hourly rates and hours expended are reasonable.

Therefore, the undersigned recommends that the School Board be awarded the full amount of **$208,952.50** as reasonable fees incurred in this action.

### III. Entitlement to fees pursuant to Section 448.08.

The School Board also argues that it is entitled to an award of its reasonable attorneys' fees pursuant to Section 448.08 as the prevailing party in this case on the grounds that it involved Named Plaintiffs' compensation. See Mot. for Fees [D.E. 229 at 7].

Section 448.08 provides: "The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee." Fla. Stat. § 448.08. Section 448.08 is inapplicable here because Named Plaintiffs' Florida law claims were based on the School Board's alleged violations of Section 447.309(3) and Section 1012.22, not the general labor regulations governed by Chapter 448, Florida Statutes. See Sec. Am. Compl. [D.E. 131 at 45–59]; Buena Vista Const. Co. v. Carpenters Local Union 1765 of United Bhd. of Carpenters & Joiners of Am., 472 So. 2d 1356, 1358 (Fla. 5th DCA 1985), (holding that the prevailing parties were not entitled to attorneys' fees under Section 448.08 because "[t]he instant case was not an action for unpaid wages, since, even though the damages were measured by the amount of lost wages, the basis of the recovery was pursuant to the arbitration clause, as governed by Chapter 682, Florida Statutes, and not the general labor regulations of Chapter 448, Florida Statutes.") disapproved of on other grounds by Ins. Co. of N. Am. v. Acousti Eng'g Co. of Fla., 579 So. 2d 77 (Fla. 1991).

## RECOMMENDATION

Based on the foregoing considerations, the undersigned **RESPECTFULLY RECOMMENDS** that: the Motion to Stay [D.E. 229] be **DENIED;** the Motion for Fees [D.E. 232] be **GRANTED** pursuant to Section 1988 only; and Defendant be awarded the sum of **$208,952.50** as reasonable attorneys' fees incurred in this action.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 3rd day of March, 2021.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Jose E. Martinez
     Counsel of Record