UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
**Case No. 17-22556-CIV-MARTINEZ-OTAZO-REYES**

NATASHA ALVAREZ, et al.,
      Plaintiffs,

v.

SCHOOL BOARD OF MIAMI-DADE COUNTY,
      Defendant.

_____ /

## <u>ORDER ON REPORT AND RECOMMENDATION</u>

THIS MATTER was referred to the Honorable Alicia M. Otazo-Reyes, United States Magistrate Judge, pursuant to 28 U.S.C. § 636, for a ruling on Defendant School Board of Miami-Dade County's Verified Motion for Attorneys' Fees, [ECF No. 229], as well as Plaintiffs' Motion to Stay Ruling on Defendant's Motion for Fees, [ECF No. 232]. Magistrate Judge Otazo-Reyes filed a Report and Recommendation ("R&R"), recommending Plaintiffs' Motion to Stay be denied and Defendant's Motion for Attorneys' Fees be granted. [ECF No. 239]. On March 16, 2021, Plaintiffs timely filed their Objections to the R&R, [ECF No. 241].

Having conducted a *de novo* review of the R&R and the issues raised in Plaintiffs' Objections, the Court finds that attorneys' fees should not be awarded. To be sure, Magistrate Judge Otazo-Reyes's R&R is sound and well-reasoned. And, in most cases, would be adopted in full. Here, however, the Court finds that the weighing of the frivolity factors set forth in the R&R is better served by the district court, which was the ultimate arbiter on the merits of Plaintiffs' claims on dismissal. And having weighed those factors, the Court finds they do not tip the scale in favor of fees.

I.      **Discussion**

The crux of Plaintiffs' objections goes to whether fees are appropriate in this case, citing lengthy, substantive legal arguments against dismissal. While much of this argument is inapposite to a discussion about the imposition of fees and is better argued before the Eleventh Circuit Court of Appeals, the Court does note that this case was not as cut and dry as it may seem.

A.   *Motion to Stay [ECF No. 232]*

First, the Court agrees with and adopts Magistrate Judge Otazo-Reyes's R&R on the issue of whether a stay is warranted. District courts possess an inherent power to stay litigation proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Clinton v. Jones*, 520 U.S. 681, 683 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citation omitted). Nonetheless, a stay pending an appeal is an extraordinary remedy, with the movant bearing a heavy burden. *Miccosukee Tribe of Indians of Fla. v. United States*, No. 10-cv-23507, 2011 WL 5508802, at *1 (S.D. Fla. Nov. 8, 2011). Here, the Court finds that Plaintiffs have not met their burden to justify such extraordinary relief. Accordingly, Magistrate Judge Otazo-Reyes's R&R is adopted as to Plaintiffs' Motion to Stay, [ECF No. 232].

B.   *Motion for Attorneys' Fees [ECF No. 229]*

As to Defendant's Motion for Attorneys' Fees, however, the Court and the R&R part ways. In an action to enforce federal civil rights, the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, authorizes a district court, "in its discretion," to "allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." *Blum v. Stenson*, 465 U.S. 886, 897 (1984).[1] "The purpose of § 1988 is to ensure 'effective access to the judicial process'

---

[1] The Court will not conduct a fee-shifting analysis under Florida Statute § 448.08. First, Defendant did not object to the R&R's finding that it was inapplicable. *See Resolution Tr. Corp. v. Hallmark Builders, Inc.*,

for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (citation omitted). Ordinarily, a prevailing plaintiff is entitled to attorney's fees "in all but special circumstances." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978) (Title VII). "By contrast, a more stringent standard applies to prevailing defendants who may be awarded attorney's fees only when a court finds that the plaintiff's claim was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* at 421. The Supreme Court cautioned, however:

> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims…Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Id.* at 421–22.

Indeed, for a prevailing § 1983 defendant to be entitled to attorney's fees, "[t]he plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980). "Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg*." *Id.* at 15–16.

Frivolity determinations "are not subject to immutable rules" and must be decided on a case-by-case basis. *Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995) (citing *Sullivan v. Sch. Bd.*, 773 F.2d 1182, 1188–90 (11th Cir. 1985)). Certain factors should be considered, including "(1) whether the plaintiff established a prima facie case[;] (2) whether the defendant offered to

---

996 F.2d 1144, 1149 (11th Cir. 1993). Second, the Court agrees with the R&R's determination.

settle; and (3) whether the suit was dismissed before trial." *Vavrus v. Russo*, 243 F. App'x 561,

563 (11th Cir. 2007) (citing *Head*, 62 F.3d at 355–56)). Nonetheless, "[n]o one factor is

dispositive." *Hamilton v. Sheridan Healthcorp., Inc.*, 700 F. App'x 883, 885 (11th Cir. 2017); *see*

*O'Boyle v. Thrasher*, 647 F. App'x 994, 995 (11th Cir. 2016) (noting the *Sullivan* factors are

"general guidelines only…not hard and fast rules"). Indeed, "[e]ven if all the [*Sullivan*] factors

point toward awarding fees, the court must still consider the case as a whole and determine whether

the claim was 'entirely without foundation.'" *Id*. (quoting *Cordoba v. Dillard's, Inc.*, 419 F.3d

1169, 1179 (11th Cir. 2005)). Most importantly, a claim is not frivolous when it is "meritorious

enough to receive careful attention and review." *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th

Cir. 1991).  In making this determination, courts must "view the evidence in the light most

favorable to the *non*-prevailing plaintiff." *Johnson v. Florida*, 348 F.3d 1334, 1354 (11th Cir.

2003).

As an initial matter, Defendant is undoubtedly the prevailing party, as the federal claims in

Plaintiffs' Second Amended Complaint were dismissed with prejudice for failure to state a claim.[2]

And, as determined by the R&R, at least two of the three *Sullivan* factors weigh in favor of

awarding fees—Plaintiffs did not state a prima facie case on their federal claims, and the case was

dismissed before trial.

Nonetheless, though the Court ultimately determined that Plaintiffs' federal claims could

not state a prima facie case for either substantive or procedural due process violations, the Court

would be remiss not to acknowledge that this determination was made after careful consideration

and review. And though the R&R's analysis of the procedural history of this case and the Court's

---

[2] The Court declined to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). The claims were therefore dismissed without prejudice. *See* ECF No. 218 at 10–11.

order of dismissal is accurate at first blush, the undersigned is in the best position to state to what extent the case warranted thorough consideration at the dismissal stage. The Court's attempts to simplify the issues in its dismissal order do not necessarily reflect the judicial effort required to determine the outcome in this case.

This litigation involved nuanced interpretations of Florida legislation, the School Board and teachers' union's collective bargaining agreement and ability to adopt various salary schedules, and the interplay between various state statutory procedures and federal constitutional law.

Indeed, after a lengthy hearing on the matter, [ECF No. 160], Magistrate Judge Otazo-Reyes recommended that Plaintiffs' proposed class be certified under Federal Rule of Civil Procedure 23. While a recommendation to certify a class is not necessarily indicative of the merits of a plaintiff's complaint, this highlights the Court's finding that Plaintiffs' claims were not so facially deficient to be considered groundless or without foundation. Further, and again though not dispositive of the issue of frivolity, the Court also notes that Plaintiffs' appeal of this case has been set for oral argument by the Eleventh Circuit Court of Appeals tentatively for June 28, 2021. *See Alvarez v. Sch. Bd. of Miami-Dade Cnty.*, No. 20-12448 (11th Cir. Mar. 10, 2021). Typically, an appeal that is "frivolous" will not be scheduled for oral argument. *See* Fed. R. App. P. 34(a)(2)(A); *see also* 11th Cir. R. 34-3(a) (delineating that frivolous appeals "will be placed on the non-argument calendar for submission and decision without oral argument"). While these two observations are just that—observations—the Court includes them to underscore that this case was not so simple.

Furthermore, in line with the precept of § 1988's enactment, this case was brought on behalf of thousands of Miami-Dade County teachers in an effort to protect what they believed were

federally protected rights. Awarding fees to Defendant may discourage future plaintiffs from bringing objectively reasonable—though ultimately unsuccessful—suits of a similar nature, thereby thwarting congressional intent that § 1988 be a means to encourage vigorous enforcement of civil rights.

In sum, the Court finds that although Plaintiffs' § 1983 claims did not merit relief, they nonetheless received the Court's careful attention and thus were neither groundless nor without foundation. *See Hughes*, 449 U.S. at 15; *O'Neal v. DeKalb Cnty.*, 850 F.2d 653, 658 (11th Cir. 1988).[3] Therefore, in light of the context of the entire case and in its discretion under § 1988, the Court declines to award attorneys' fees to Defendant.

## II.   Conclusion

Accordingly, after careful consideration and a *de novo* review of the record, United States Magistrate Judge Otazo-Reyes's Report and Recommendation, [ECF No. 239], is **AFFIRMED and ADOPTED IN PART, and REJECTED IN PART.**

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1.      Plaintiffs' Motion to Stay Ruling on Defendant's Motion for Fees, [ECF No. 232], is **DENIED**.

2.      Defendant's Verified Motion for Attorney's Fees, [ECF No. 229], is **DENIED**.

DONE and ORDERED in Chambers at Miami, Florida, this 23rd day of March 2021.

José E. Martinez
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record

---

[3] The Court recognizes that a defendant "may deserve fees even if not all the plaintiff's claims were frivolous." *Fox v. Vice*, 563 U.S. 826, 834 (2011). Here, however, the Court's frivolity determinations are universal to all of Plaintiffs' claims—i.e., none of Plaintiffs' claims were frivolous under § 1988.