**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 01, 2021

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 20-12448-JJ  ; 21-10704 -JJ
Case Style: Natasha Alvarez, et al v. School Board of Miami-Dade Co.
District Court Docket No: 1:17-cv-22556-JEM

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 20-12448

_____

District Court Docket No.
1:17-cv-22556-JEM

NATASHA ALVAREZ,
DIANE AUGUSTUS,
ESTELA ATALAY,
BRENT BOARDMAN,
TODD BOGART,
JANET CLINTON,
TREVOR COLESTOCK,
JOEL DELGADO,
DR. MARIA DIAZ-VICIEDO,
PAULA GAMBLE,
LOURDES GARCIA,
MARGARITA GUITERAS-MASSA,
MARGARET E. HAUN,
HEATHER HODSON,
MICHELLE JIMENEZ,
KENYA JONES ROBERTS,
ARTHUR S. KIANOFF,
CRAIG KIRK,
MARLEN V. LANZA,
RICK LAPWORTH,
DR. SHEILA MARTINEZ,
RICHARD MASSA,
TOMAS PENDOLA,
MARICE ANTOINETTE POWELL,
EDDA RIVERA,
ALMA RODRIGUEZ,
MATTHEW ROMANO,
GINA SESE,
NATHAN SMITH,
ALMA TRINIDAD,
JOSE VEGA,
CHRISTINA WALKER,
BRIAN J. WHEELER,
DR. PATRICK WILLIAMS, et al.,

                                Plaintiffs - Appellants,

versus

SCHOOL BOARD OF MIAMI-DADE COUNTY,

Defendant - Appellee.

_____

No. 21-10704

_____

District Court Docket No.
1:17-cv-22556-JEM

NATASHA ALVAREZ,
BRENT BOARDMAN,
TODD BOGART,
TREVOR COLESTOCK,
JOEL DELGADO,
DR. MARIA DIAZ-VICIEDO,
PAULA GAMBLE,
LOURDES GARCIA,
HEATHER HODSON,
MICHELLE JIMENEZ,
KENYA JONES ROBERTS,
ARTHUR S. KIANOFF,
MARLEN V. LANZA,
RICK LAPWORTH,
DR. SHEILA MARTINEZ,
TOMAS PENDOLA,
MARICE ANTOINETTE POWELL,
EDDA RIVERA,
ALMA RODRIGUEZ,
MATTHEW ROMANO,
GINA SESE,
ALMA TRINIDAD,
CHRISTINA WALKER,
BRIAN J. WHEELER,

versus

SCHOOL BOARD OF MIAMI-DADE COUNTY,

Defendant - Appellee.

_____

Appeals from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: July 13, 2021
For the Court: DAVID J. SMITH, Clerk of Court
By: Djuanna H. Clark

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 20-12448; 21-10704
_____

D.C. Docket No. 1:17-cv-22556-JEM

NATASHA ALVAREZ,
DIANE AUGUSTUS,
ESTELA ATALAY,
BRENT BOARDMAN,
TODD BOGART,
JANET CLINTON,
TREVOR COLESTOCK,
JOEL DELGADO,
DR. MARIA DIAZ-VICIEDO,
PAULA GAMBLE,
LOURDES GARCIA,
MARGARITA GUITERAS-MASSA,
MARGARET E. HAUN,
HEATHER HODSON,
MICHELLE JIMENEZ,
KENYA JONES ROBERTS,
ARTHUR S. KIANOFF,
CRAIG KIRK,
MARLEN V. LANZA,
RICK LAPWORTH,
DR. SHEILA MARTINEZ,
RICHARD MASSA,
TOMAS PENDOLA,
MARICE ANTOINETTE POWELL,
EDDA RIVERA,

ALMA RODRIGUEZ,
MATTHEW ROMANO,
GINA SESE,
NATHAN SMITH,
ALMA TRINIDAD,
JOSE VEGA,
CHRISTINA WALKER,
BRIAN J. WHEELER,
DR. PATRICK WILLIAMS, et al.,

                                                  Plaintiffs - Appellants,

versus

SCHOOL BOARD OF MIAMI-DADE COUNTY,

                                                  Defendant - Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(July 13, 2021)

Before MARTIN, ROSENBAUM, and LUCK, Circuit Judges.

MARTIN, Circuit Judge:

      Natasha Alvarez and the other named plaintiffs are all teachers employed by the Miami-Dade County School Board ("the School Board"). In 2012, Florida enacted a law that reformed the way public school teachers are compensated. That law requires school boards to adopt a "grandfathered" salary schedule for teachers hired before the new compensation scheme became effective on July 1, 2014. The

2

School Board adopted a salary schedule in 2013, but then adopted another in November 2014 that it says is the grandfathered salary schedule for purposes of this Florida statute. Ms. Alvarez and the other plaintiffs sued, arguing that the November 2014 salary schedule cannot be the "grandfathered" schedule because it came after July 1, 2014, and that the 2013 schedule should still govern their compensation. The plaintiffs say this discrepancy violates their substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution. After twice granting leave to amend, the District Court dismissed their complaint with prejudice for failure to state a claim.

After careful consideration, and with the benefit of oral argument, we affirm the District Court's order.

## I.

The appellants are all "instructional" employees (a statutorily defined category of employees that includes teachers) who work for the School Board.[1] Florida Statute § 447.309 requires Florida school boards to collectively bargain with the labor union representing instructional employees about wages and other matters laid out in the statute. Instructional employees are paid according to an annual salary schedule agreed upon by the School Board and the union. Ms.

---

[1] As this is a motion to dismiss, the facts are taken from the allegations in the operative complaint (here, the Second Amended Complaint) and are presumed true. Alvarez v. U.S. Immigr. and Customs Enf't, 818 F.3d 1194, 1200 (11th Cir. 2016).

3

Alvarez[2] alleges that the process for adopting the salary schedule is legislative in nature.

Florida Statute § 1012.22(1)(c)(4)(a) set a deadline of July 1, 2014, for school boards to adopt a "grandfathered" salary schedule that would be "used as the basis for paying all school employees hired before July 1, 2014." The last salary schedule the School Board adopted before that deadline was the 2013–2014 schedule adopted in November 2013. In November 2014, the School Board adopted the 2014–2015 salary schedule as an addendum to the collective bargaining agreement. Ms. Alvarez was not given an opportunity to object to the adoption of the salary schedule until after the School Board adopted it. Ms. Alvarez suffered financial loss as a result of the new salary schedules adopted after July 1, 2014.

In July 2017, Ms. Alvarez filed a putative class action against the School Board, challenging the Board's adoption of the post-July 2014 salary schedules through two federal and a number of state law claims. The District Court dismissed the original complaint with leave to amend the federal claims and refile the state law claims. Ms. Alvarez then filed an amended complaint raising substantive and procedural due process claims against the School Board, as well as a number of state law claims. Ms. Alvarez then moved for leave to file a second

---

[2] We refer to the named plaintiffs collectively as "Ms. Alvarez."

amended complaint, which the District Court granted. The Second Amended Complaint asserts the same violations of plaintiffs' substantive and procedural due process rights under the Fourteenth Amendment, as well as the same state law claims asserted in the First Amended Complaint, but raises a total of four due process claims, splitting the counts between teachers hired before and teachers hired after July 1, 2014.

The School Board moved to dismiss this action. The District Court granted the motion, dismissing the federal claims with prejudice and declining to exercise jurisdiction over the remaining state claims. Ms. Alvarez timely appealed.

## II.

"We review de novo the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff." Chaparro v. Carnival Corp., 693 F.3d 1333, 1335 (11th Cir. 2012) (per curiam) (quotation marks omitted). To prevent dismissal under Rule 12(b)(6), a plaintiff must allege sufficient facts to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). Claims are plausible when the plaintiff pleads facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). A pleading

5

must offer more than "labels and conclusions or a formulaic recitation of the elements of a cause of action," but "detailed factual allegations" are not needed. Id. (quotation marks omitted).

### III.

Ms. Alvarez argues that the School Board's adoption of a salary schedule after the July 1, 2014, deadline violates her federal constitutional rights in three ways. First, she says that because the salary schedule the School Board adopted is less remunerative than the prior schedule, it violates her state-created property right to the compensation provided for in the pre-July 1, 2014, salary schedule. Second, she says that it violates her fundamental right to contract. And finally, she argues that the method the School Board used to adopt the post-July 1, 2014, schedule violates her procedural due process rights. We address each in turn.

A. <u>The District Court Properly Dismissed Ms. Alvarez's Claim that the School Board Violated Her Property Rights in the 2013–2014 Salary Schedule.</u>

Ms. Alvarez argues that the School Board's adoption of a less remunerative salary schedule after the statutory deadline violates her state-created property right to the compensation provided for in the pre-July 1, 2014, schedule. "Where an individual's state-created rights are infringed by legislative act, the substantive component of the Due Process clause generally protects him from arbitrary and irrational action by the government." Lewis v. Brown, 409 F.3d 1271, 1273 (11th Cir. 2005) (per curiam) (quotation marks omitted). The parties agree that the

6

School Board's adoption of salary schedules is a legislative act. But the District Court found that the School Board had a rational basis for implementing the November, 2014, salary schedule as the "grandfathered" schedule, namely: engaging in collective bargaining with the teachers' union. The District Court therefore determined that there was no federal constitutional violation.

Ms. Alvarez insists that the District Court erred because a legislative act cannot survive rational basis scrutiny when the School Board had no authority to act as it did. In other words, Ms. Alvarez argues that when a state entity fails to follow its own laws and rules in acting legislatively, its action is inherently irrational. But this Court has been clear that when considering whether a state or local government's actions lack rational basis, there is no consideration of whether that action violates state law. Corn v. City of Lauderdale Lakes, 997 F.2d 1369, 1389 (11th Cir. 1993) ("The fact that town officials are motivated by parochial views of local interests . . . which may contravene state subdivision laws does not state a claim of denial of substantive due process." (quotation marks omitted and alteration adopted)). The only question is whether the action is supported by a rational basis. Id.

Plaintiffs rely heavily on Southern Cooperative Development Fund v. Driggers, 696 F.2d 1347 (11th Cir. 1983), in support of their position. In Southern Cooperative, this Court considered a county commission's denial of a plat

7

application submitted by a farming cooperative designed to allow low-income families to run small farms. Id. at 1348. The development met all the criteria for approval, but the commission voted against it after local outcry that the farm would attract "low-income blacks and Spanish-Americans" to the "all-white community." Id. at 1349. In that case, the Court described its task as deciding "whether the Commission's actions were authorized as a matter of Florida law, and if so whether their actions were in violation of the Due Process clause of the Fourteenth Amendment." Id. at 1351.

There are several problems with Ms. Alvarez's reliance on Southern Cooperative. First, Southern Cooperative addressed an executive action by a local government, as opposed to a legislative one. Id. at 1351 ("The plaintiffs do not challenge the exercise of legislative function[.]") Second, contrary to plaintiffs' characterization of Southern Cooperative, it decided only that the commission's actions violated Florida law and thus did not proceed to the Fourteenth Amendment analysis. The Court considered Florida state court cases analyzing plat approval processes and how much discretion local governments had to approve or disapprove plat applications. Id. at 1352–56. Other than one reference to the plaintiffs' Fourteenth Amendment challenge at the beginning of the Court's discussion, Southern Cooperative never mentions rational basis review or engages in any Fourteenth Amendment analysis. See id. at 1351–56. Southern Cooperative

8

simply does not stand for the broad proposition that any state legislative act passed in violation of existing state or municipal law violates the Fourteenth Amendment. Nor do the other cases that plaintiffs cite in passing. Washington ex rel. Seattle Title Trust Company v. Roberge, 278 U.S. 116, 49 S. Ct. 50 (1928), considered whether a local ordinance itself violated the Fourteenth Amendment, not whether a locality's failure to abide by the ordinance was unconstitutional. Id. at 119–20, 49 S. Ct. at 51. And Hornsby v. Allen, 326 F.2d 605 (5th Cir. 1964)[3] concerned the denial of procedural due process rights by a state licensing regime (i.e. an adjudicative, not a legislative, process) that failed to provide liquor license applicants a hearing, notice of the objective standards according to which licenses were adjudicated, and a reasoned decision explaining the basis for the denial. Id. at 610.[4]

Ms. Alvarez does not challenge the sufficiency of the reason the School Board offered in support of its decision: complying with its obligation to

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. Id. at 1209.

[4] Ms. Alvarez cites at least one more case that is even farther removed from the proposition she seeks to support. See Charter Peachford Hosp., Inc. v. Bowen, 803 F.2d 1541, 1544 (11th Cir. 1986) (noting that a federal agency's interpretation of its own regulation must be deferred to unless "it is unreasonable, arbitrary and capricious or inconsistent with the statute." (emphasis added)).

9

collectively bargain with the union. The District Court therefore did not err in dismissing this claim.

B. <u>The District Court Did Not Err in Dismissing Ms. Alvarez's Right to Contract Claim.</u>

Ms. Alvarez also argues that the School Board's failure to use the 2013 schedule as the "grandfathered" salary schedule violated her fundamental right to contract. This is true, she says, both because the School Board departed from the terms of the collectively bargained 2013 salary schedule and because it violated the individual teachers' right to a contract that compensated them according to that schedule. She maintains that the correct standard for violations of the right to contract is strict scrutiny, but argues that the School Board's actions fail even under rational basis review.

Ms. Alvarez cites caselaw for the proposition that a fundamental right to contract exists, but fails to explain how the School Board's actions implicate that right. The School Board has not prevented Ms. Alvarez from contracting, nor has it prevented the union from collectively bargaining on the teachers' behalf. Indeed, the School Board adopted the November 2014 salary schedule as a result of that collective bargaining process. As the District Court put it, "[i]t can hardly be said, then, that Plaintiffs were deprived of their right to contract regarding the subsequent salary schedules when the very entity acting on their behalf engaged in

10

the contractual collective bargaining process" that resulted in the new salary schedule.

### C. The District Court Did Not Err in Dismissing Ms. Alvarez's Procedural Due Process Claim.

Ms. Alvarez argues that the School Board violated her procedural due process rights when it adopted the post-July 1, 2014, salary schedule through a process that was "irregular" and "defective." She points to three defects she says deprived her of procedural due process: (1) she was not afforded an opportunity to object to the salary schedule until after it was adopted; (2) the School Board failed to use procedures required by state statute for adopting a collectively bargained for agreement that conflicts with state law; and (3), the School Board failed to follow state procedures for reducing all salary schedules proportionately in the event of a funding shortfall.

When a government entity deprives someone of property through the legislative process, as opposed to an adjudication, the aggrieved party is "not entitled to procedural due process above and beyond that which already is provided by the legislative process." 75 Acres, LLC v. Miami-Dade Cnty., 338 F.3d 1288, 1293 (11th Cir. 2003). That is because "[w]hen the legislature passes a law which affects a general class of persons, those persons have all received procedural due process—the legislative process." Id. at 1294 (quotation marks omitted).

Ms. Alvarez insists that the adoption of the salary schedule is legislative in nature. But she does not explain how the process here is somehow exempt from the rule that legislative process is all the process that is due when property is deprived legislatively. There is no indication that the School Board used a different process when it adopted the November 2014 schedule than it did for any other schedule, for example. And even if the School Board ran afoul of Florida state statutes, Ms. Alvarez does not point to any authority that says this would amount to a violation of procedural due process under the Fourteenth Amendment.

**AFFIRMED.**